UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JAIME PICCOLO,

                                    Plaintiff,

                -against-

EQUINOX HOLDINGS, INC. and GARY BROWNE,
in his individual and professional capacities

                                  Defendants.
-----------------------------------------------------------------X

22-CV-09085 (VSB) (VF)

**<u>ORDER</u>**

**VALERIE FIGUEREDO, United States Magistrate Judge:**

      On March 8, 2024, the parties submitted a joint letter raising a dispute concerning the withholding of certain documents by Plaintiff on the basis of the common-interest privilege. ECF No. 34. At issue are text message and e-mail communications between Plaintiff and Brieanna Skarbo, an Equinox employee who is not a party to this suit. The Court held a conference to address the dispute on May 6, 2024. See ECF No. 42 (Transcript). Following the conference, Plaintiff submitted the at-issue communications to the Court for *in camera* review.

      The common interest doctrine "permits the disclosure of a privileged communication without waiver of the privilege provided the party claiming an exception to waiver demonstrates that the parties communicating: (1) have a common legal, rather than commercial, interest; and (2) the disclosures are made in the course of formulating a common legal strategy." Sokol v. Wyeth, Inc., No. 7-CV-8442 (SHS) (KNF), 2008 WL 3166662, at *5 (S.D.N.Y. Aug. 4, 2008) (citing Bank Brussels Lambert v. Credit Lyonnais, 160 F.R.D. 437, 447 (S.D.N.Y. 1995)). However, the common interest doctrine is not a separate privilege; it is an extension of the work product or attorney client privilege. United States v. Schwimmer, 892 F.2d 237, 243 (2d Cir. 1989). For the doctrine to apply, the underlying "communication in question must be attorney-

client privileged or protected work product." BlackRock Balanced Cap. Portfolio (FI) v. Deutsche Bank Nat'l Tr. Co., No. 14-CV-9367 (JMF) (SN), 2018 WL 3584020, at *3 (S.D.N.Y. July 23, 2018) (citing Allied Irish Banks, P.L.C. v. Bank of Am., N.A., 252 F.R.D. 163, 171 (S.D.N.Y. 2008)). The party who invokes the attorney client privilege has the burden of establishing the facts upon which the claim of privilege is based. See United States v. Constr. Products Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996). Therefore "[w]here the communication was not originally made between client and counsel for the purpose of obtaining legal advice, it is not privileged in the first place." Smith v. Pergola 36 LLC, No. 22-CV-4052 (LJL), 2022 WL 17832506, at *8 (S.D.N.Y. Dec. 21, 2022).

The following text messages were reviewed *in camera* and are deemed to be non-privileged.[1] These text messages do not include an attorney in the communication and, even to the extent they might include an attorney, do not seek or reflect legal advice. As such, the following text messages should be produced to Defendants without redactions:

- Entry 1
- Entry 2
- Entry 3
- Entry 4
- Entry 7
- Entry 8
- Entry 9
- Entry 10
- Entry 18
- Entry 20
- Entry 21
- Entry 22
- Entry 23
- Entry 27

---

[1] The pdf of text message and email communications provided to the Court for *in camera* review had the communications organized by "entry number." The entry number is used herein to identify specific messages.

The communications identified below do appear to contain communications with an attorney for the purpose of seeking legal advice, and some of those communications include draft work product from an attorney. However, although the communications are protected by the attorney-client privilege, they are not protected by the common-interest privilege for the reasons discussed below.

For the common interest doctrine to apply, "(1) the party who asserts the rule must share a common legal interest with the party with whom the information was shared and (2) the statements for which protection is sought [must have been] designed to further that interest." Allied Irish Banks, 252 F.R.D. at 171; HSH Nordbank AG N.Y. Branch v. Swerdlow, 259 F.R.D. 64, 71 (S.D.N.Y. 2009); Gulf Islands Leasing, Inc. v. Bombardier Capital, Inc., 215 F.R.D. 466, 471 (S.D.N.Y. 2003). The common-interest privilege "does not apply merely because two parties share the same attorney or because one party has an interest in a litigation involving another party." Egiazaryan v. Zalmayev, 290 F.R.D. 421, 434-35 (S.D.N.Y. 2013). For the common-interest privilege to apply, there must be a "substantial showing" by the party invoking it that there is "an interlocking relationship" or a "limited common purpose" which necessitates disclosure. Id. at 434-35; see also Global Gaming Philippines, LLC v. Razon, No. 21-CV-2655 (LGS) (SN), 2021 WL 4243395, at *3 (S.D.N.Y. Sept. 17, 2021) (plaintiff's communications with third parties also in litigation against common defendant were not protected by common interest doctrine where communications were not intended to further a sufficient common interest).

At the time the communications at issue were sent, both Skarbo and Plaintiff were represented by the same attorneys, Wigdor LLP. See Entry 2, PL010446; Entry 26, PL010435; ECF No. 34 at 3-4 (stating that Plaintiff and Ms. Skarbo are both represented by Wigdor).

Additionally, at the time of the at-issue communications, Skarbo and Plaintiff were in the process of pursuing claims against Equinox, although Skarbo did not ultimately file a suit against Equinox. See ECF No. 42 at 23:18-25:16.

But the common interest doctrine does not apply merely because Skarbo and Plaintiff were separately bringing or contemplating suits against the same defendant. The privilege applies upon a showing that both Skarbo and Plaintiff were communicating for the purpose of "formulat[ing] legal strategy that would be common to [Skarbo] and [Plaintiff] in their respective litigations, which would further their common enterprise." Sokol, 2008 WL 3166662, at *8. Plaintiff has failed to make that showing here. For example, some of the communications involve Skarbo forwarding to Plaintiff a draft document prepared by Skarbo's attorney. See Entry 5, Entry 6, Entry 12, Entry 13, Entry 14, Entry 19, Entry 24, Entry 25. These communications appear to be focused solely on Skarbo's potential action or claims, sent for the purpose of updating Plaintiff on the status of Skarbo's claims. Other communications are text messages between Plaintiff and Skarbo where Plaintiff is sending Skarbo communications Plaintiff had with her own attorney. See Entry 16, Entry 17, Entry 26. Here, too, there is no indication that Plaintiff and Skarbo were communicating for the purpose of formulating or advancing a common legal strategy for their respective actions. At bottom, all of these communications are messages where Skarbo or Plaintiff are updating each other on the status of their separate cases. See Sokol, 2008 WL 3166662, at *8 (common legal privilege did not apply to communications between plaintiff and non-party because communications showed that they were "for the purpose of updating" plaintiff on status of separate action rather than "to develop a common legal strategy").

4

The common interest doctrine is thus inapplicable and any attorney client privilege that would otherwise have attached to the communications listed below was waived when Plaintiff shared them with Skarbo:

- Entry 5
- Entry 6
- Entry 12
- Entry 13
- Entry 14
- Entry 15
- Entry 16
- Entry 17
- Entry 19
- Entry 24
- Entry 25
- Entry 26

Finally, the copy of Entry No. 11 provided for *in camera* review does not appear to contain any redactions for privilege. To the extent that there are no privilege redactions in that document, the document should be produced to Defendants.

The Clerk of Court is respectfully directed to terminate the letter motion at ECF No. 34.

**SO ORDERED.**

DATED:   New York, New York
         August 22, 2024

_____
VALERIE FIGUEREDO
United States Magistrate Judge