UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JAIME PICCOLO,

                                         Plaintiff,

         -against-

EQUINOX HOLDINGS, INC. and GARY BROWNE,
in his individual and professional capacities

                                         Defendants.
----------------------------------------------------------------X

22-CV-09085 (VSB) (VF)

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge.**

      Defendant filed a letter motion at ECF No. 32, seeking permission to file under seal the parties' letter motion at ECF No. 34, because the letter motion includes discussion of certain sensitive medical information about non-parties who are also minors. Plaintiff consents to this request. The parties have made a showing that the letter motion at ECF No. 33 contains materials which could be sealed under the factors set forth in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 119 (2d Cir. 2006). However, even where, as here, sealing is appropriate, that sealing must be "narrowly tailored," meaning that a court should "seal only that information that needs to be sealed in order to preserve hither values." Signify Holding B.V. v. TP-Link Rsch. Am. Corp., No. 21-CV-9472, 2022 WL 3704002, at *1 (S.D.N.Y. Aug. 26, 2022). When "some sealing of a judicial document is appropriate, the Second Circuit has directed that the Court should determine whether partial redaction of the private material is a 'viable remedy,' or whether the document presents 'an all or nothing matter.'" Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, No. 14-CV-6867 (VEC), 2016 WL 1071107, at *4 (S.D.N.Y. Mar. 18, 2016) (quoting United States v. Amodeo, 71 F.3d 1044, 1053 (2d Cir. 1995)).

The request to seal the entire letter at ECF No. 33 is overbroad. Only a handful of lines in the letter and its exhibit concern a discussion of sensitive medical information regarding a non-party minor. See,e.g., ECF No. 33 at 2; 33-1 at *3. Consequently, redaction of the sensitive material is a viable alternative. Accordingly, the letter motion at ECF No. 32 is **DENIED**. The parties should meet and confer and propose redactions to the letter and exhibit at ECF No. 33. Both documents will remain under seal provisionally until **Friday, September 27, 2024**. The parties are directed to submit proposed redactions by **Friday, September 20, 2024**.

The Clerk of Court is respectfully directed to terminate the letter motion at ECF No. 32. The Clerk of Court is further directed to maintain the document at ECF No. 33 under seal provisionally until **Friday, September 27, 2024**.

SO ORDERED.

DATED:   New York, New York
         August 22, 2024

_____
VALERIE FIGUEREDO
United States Magistrate Judge