# Morgan Lewis

Melissa C. Rodriguez
Partner
+1.212.309.6394
melissa.rodriguez@morganlewis.com

**MEMO ENDORSED**

October 14, 2024

**VIA ECF**

Hon. Vernon S. Broderick, U.S.D.J.
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse, 40 Foley Square
New York, NY 10007

Re:   Piccolo v. Equinox Holdings, Inc. et al., No. 22-cv-09085 (VSB) (VF)

Your Honor:

We represent Defendants in the above-referenced matter. We write pursuant to Your Honor's Individual Rule 5(B) and Section 6 of the S.D.N.Y. Electronic Case Filing Rules and Instructions to respectfully request that certain exhibits appended to the Declaration of Hanna E. Martin in support of Defendants' Summary Judgment Motion be filed under seal and/or in redacted form, with viewing access granted only to Selected Parties. Plaintiff consents to this request.

Defendant has redacted certain information from the transcript of Jaime Piccolo (Exhibit A to the Martin Declaration) as Personally Identifying Information ("PII"), as required by Your Honor's Individual Rule 5(B)(i), the Federal Rules of Civil Procedure, and the Southern District's ECF Privacy Policy.

Additional redactions from the deposition transcripts of Plaintiff and Gary Browne (Exhibits A-B to the Martin Declaration) contain discussion of certain sensitive medical information regarding individuals who are non-parties to this case and are under the age of 18 during the relevant time period(s). Such information is arguably encompassed by Your Honor's Individual Rules 5(B)(i) (permitting information regarding medical treatment and diagnosis to be maintained under seal). Typically, such information is not available for public access or review, and the non-parties have a strong privacy interest in preventing the disclosure of their medical information. There is also no indication that keeping such information under seal would impair judicial efficiency, as such redactions are narrowly tailored and do not pertain to any arguments raised by Defendants on summary judgment. Therefore, the factors set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) weigh in favor of maintaining redacted version of those transcripts on the docket.

In addition, Plaintiff has designated Exhibit I to the Martin Declaration as "Confidential" pursuant to the parties' agreed-upon confidentiality stipulation in this matter. The parties conferred regarding filing of this document and Plaintiff maintains her position that Exhibit I needs to be filed under

Morgan, Lewis & Bockius LLP

101 Park Avenue
New York, NY 10178-0060
United States

☎ +1.212.309.6000
📠 +1.212.309.6001

Hon. Vernon S. Broderick, U.S.D.J.
October 14, 2024
Page 2

seal due to the confidential nature of the document's content. Therefore, Defendants file this document under seal pursuant to the parties' confidentiality stipulation.

We thank the Court in advance for its consideration of this request.

Respectfully submitted,


*/s/ Melissa C. Rodriguez*
Melissa C. Rodriguez
*Counsel for Defendants*



For the reasons discussed above, the foregoing request is granted. The exhibits attached to the Declaration of Hanna E. Martin (DE 66) shall remain under seal, with party-level access only. The redacted versions of these exhibits shall remain publicly available at DE 64. DE 65 resolved.

SO ORDERED
8/4/2025
/s/ Laura Taylor Swain, Chief USDJ